## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **GREEN REVOLUTION COOLING, INC.,** | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **CIVIL ACTION NO. 6:24-CV-152-RP** |
| | § | |
| **RIOT PLATFORMS, INC.,** | § | |
| *Defendant.* | § | |

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE ROBERT PITMAN,
UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Riot Platforms, Inc.'s Motion for Intra-District Transfer to Austin (ECF No. 43). After careful consideration of the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that the Motion be **DENIED.**

## I.    BACKGROUND

On March 22, 2024, Plaintiff Green Revolution Cooling, Inc. filed the present suit in the Waco Division. Plaintiff asserted a claim for infringement of U.S. Patent No. 9,992,914 (the "'914 Patent") against Defendant Riot Platforms, Inc. ECF No. 1. On July 15, 2024, Plaintiff filed a First Amended Complaint for Patent Infringement, adding a claim for infringement of U.S. Patent No. 10,123,463 (the "'463 Patent"). ECF No. 33. As alleged in the operative pleadings, Plaintiff

specializes in immersion cooling technology and maintains its principal place of business in Austin, TX. *Id.* at ¶¶ 2-4, 6, 14. Defendant is a bitcoin mining company that operates a bitcoin mining facility in Rockdale, TX (the "Rockdale Facility"), and is developing a bitcoin mining facility in Navarro County, TX. ECF No. 39 at 3-4, 7. Plaintiff alleges that Defendant uses Plaintiff's patented immersion cooling technology at Defendant's bitcoin mining facilities in Texas. ECF No. 33 at ¶ 39, 92.

On August 7, 2024, Defendant moved to transfer this case to the Austin Division. ECF No. 43. The parties conducted venue discovery, after which Plaintiff filed a Response in Opposition on December 14, 2024. ECF No. 75 (docketed at ECF No. 96). Defendant filed its Reply on December 20, 2024. ECF No. 83. Defendant's Motion to Transfer was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## II.    LEGAL STANDARD

The venue transfer statute allows a court to transfer a case to another division where it could have been brought for "the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). A party seeking transfer under section 1404 "must show good cause" and that the transferee division is "clearly more convenient." *In re Volkswagen of Am.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The analysis is performed using the four well-known private factors and four well-known public factors.[1]

---

[1] Private: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Public: "(1) the administrative difficulties

### III.    ANALYSIS

As a threshold matter, the Court finds that this case could have been brought in the Austin Division. 28 U.S.C. 1404(a). Venue in this case is proper in a judicial district where the "defendant has committed acts of infringement and has a regular and established place of business," regardless of division. 28 U.S.C. § 1400(b). Defendant maintains an office in the Austin Division, and neither party disputes that this suit could have been filed in the Austin Division. ECF No. 43 at 1, 3; ECF No. 96 at 1. Thus, Plaintiff could have brought this case in the Austin Division. Having answered the threshold question, the Court next analyzes the private and public interest factors.

### A.    The Private Interest Factors

Turning to the private interest factors considered in light of the specific facts of this case, the Court finds that they do not favor transfer. As for access to sources of proof, neither party disputes that the Accused Products are located in the Waco Division at Defendant's Rockdale Facility. ECF No. 43 at 6; ECF No. 96 at 7-8. Further, Plaintiff identifies Defendant's bitcoin mining facility in Navarro County (the "Corsicana Facility") —which is much closer to the Waco Division than the Austin Division—as a location for physical sources of proof. ECF No. 96 at 7-8. As for the availability of compulsory process, Defendant identifies no potentially uncooperative third-party witnesses, and Plaintiff identifies at least three potentially uncooperative third-party witnesses at Defendant's Corsicana Facility, who are only within the Waco Division's subpoena power. ECF No. 43 at 7; ECF No. 96 at 8-9. Indeed, the fact that Defendant's Corsicana Facility is within 100 miles of the Waco Division, but not the Austin Division, is persuasive. *See* Fed. R. Civ. P. 45(c)(1)(A). As for willing witnesses, most identified witnesses will experience a negligible

---

flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

amount of additional inconvenience no matter which division this case is tried in. *See* ECF No. 43 at 4-5; ECF No. 96 at 12-13. As for the fourth private factor, Defendant argues, as a practical matter, that travel to Austin will be more convenient for out-of-state witnesses because of Austin Bergstrom International Airport. ECF No. 43 at 7-8. Plaintiff responds that the costs associated with trial will be less expensive in Waco. ECF No. 96 at 13-14. When all of these private interest factors are considered in light of the specific facts of this case, the Court finds that they weigh against transfer.

### B.    The Public Interest Factors

Turning to the public interest factors considered in light of the specific facts of this case, the Court finds that they also do not favor transfer. The first public interest factor—administrative problems created by court congestion—carries little weight in this case. *Volkswagen*, 545 F.3d at 315. Defendant argues that this first factor is neutral, while Plaintiff claims that the Austin Division carries a heavier caseload. ECF No. 43 at 8; ECF No. 96 at 14. Neither side's arguments are particularly persuasive. *In re Clarke*, 94 F.4th 502, 510 (5th Cir. 2024) (noting that statistics are not particularly helpful). As for the second public interest factor—the local interest—Defendant claims that this factor is neutral, at best. ECF No. 43 at 8-9. However, Plaintiff shows that the Waco Division has a greater local interest in this case because the Waco Division is home to Defendant's Rockdale Facility, which contains the Accused Products giving rise to this suit for patent infringement. ECF No. 96 at 15. Moreover, Defendant is the largest employer in Rockdale, employs people that live in the Waco Division, recruits employees directly from colleges in the Waco Division, and is involved in community events. *Id.* Neither party contests the remaining public interest factors—familiarity with the law and conflict of law issues—and the Court finds

that they have little effect on the present dispute. When considering all the public interest factors, the Court finds that under the specific facts of this case, they weigh against transfer.

## IV.    RECOMMENDATION

Considering the private and public interest factors in total, the Court finds that Defendant has not carried its burden of proving that the Austin Division is a clearly more convenient venue. Therefore, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendant's Motion for Intra-District Transfer to Austin (ECF No. 43) be **DENIED.**

## V.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

SIGNED this 4th day of February, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE