**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **GREEN REVOLUTION COOLING, INC.,** | |
| *Plaintiff,* | CIVIL ACTION NO. 6:24-CV-152-ADA |
| - vs. - | |
| **RIOT PLATFORMS, INC.** | |
| *Defendant* | |

**MOTION TO QUASH TRIAL SUBPOENA DIRECTED TO THIRD PARTY**
**<u>SCOTT ALLEN SICKMILLER</u>**

Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, third-party Mr. Scott Allen Sickmiller ("Sickmiller") hereby respectfully moves to quash to the Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action directed to Mr. Sickmiller dated March 20, 2026 (the "Subpoena") Ex. A.  Mr. Sickmiller is the Chief Executive Officer for third-party Midas Green Technologies, LLC ("Midas").

During a previous conferral for GRC's subpoena directed to Midas' Vice President of Engineering, Mr. Mario Conti Garcia ("Garcia"), GRC readily admitted that it was seeking testimony from Midas to promote the false narrative that Midas copied GRC, and GRC assured Midas that GRC was *not* seeking testimony from Midas relating to the sale of portions of the accused products from Midas to Whinstone/Riot.  The Court subsequently granted Riot's motion *in limine* to exclude testimony relating to prior GRC-Midas interactions.  So this time around, to maximize the element of surprise, GRC is refusing to say just what information it seeks via testimony from Sickmiller.

The Court should quash the Subpoena because it imposes an undue burden on Sickmiller, including because (1) any testimony sought from Sickmiller would not be particularly relevant to the claims or defenses in this action; (2) GRC cannot (or will not) articulate any particular need for testimony from Sickmiller; (3) GRC made the conscientious decision not to depose Mr. Sickmiller during fact discovery in this action; (4) GRC already deposed Sickmiller in the related *Midas v. GRC* litigation; and (5) Mr. Sickmiller is an apex officer of Midas, and preparing Mr. Sickmiller to provide trial testimony would be a significant expense and distraction from his normal work duties

## I.    BACKGROUND

This is a patent case in which GRC alleges infringement by defendant Riot, by virtue of the immersion cooling systems that Riot uses in conjunction with its specialized ASIC computers to mine bitcoin.  Riot purchased portions of its various immersion cooling systems from at least three different

third-party suppliers, including Midas, Hash House Tech, Inc. ("Hash House") and TMGcore LLC ("TMGcore").[1,2]

Plaintiff GRC and third-party Midas are Austin-based startups that each develop, manufacture and sell competing immersion cooling products for datacenters. As the Court may be aware from the pending *Midas v. GRC* case[3], the relationship between GRC and third-party Midas has long been contentious.

## II.    PROCEDURAL HISTORY

GRC filed the present action on March 24, 2024, and GRC sought and obtained significant third-party document discovery from Midas, beginning with its document subpoena dated November 20, 2024. During fact discovery, GRC also served a subpoena for testimony on Midas' retired former CEO Mr. James "Jim" Koen. Ex. B. Mr. Koen and Midas sent written objections on July 14, 2025, noting among other things, that Mr. Koen was of advanced age and in poor health,[4] and that other Midas individuals such as Sickmiller would have firsthand knowledge of the sale by Midas of immersion cooling systems to Riot. Ex. C. GRC did not thereafter seek to depose Mr. Koen, nor did GRC accept Midas' suggestion to take the deposition of other more knowledgeable individuals associated with Midas, such as Sickmiller or Garcia.

GRC belatedly served the present Subpoena on March 20, 2026, and Mr. Sickmiller timely served written objections on March 30th. Ex. D. During the subsequent conferral, GRC confirmed that it would not withdraw its trial subpoena directed to Sickmiller, and that GRC intended to call both Garcia and Sickmiller.

---

[1] Midas did not supply the temperature-control system portion of its immersion cooling systems to Riot.

[2] Riot recently filed suit against Hash House in this district seeking indemnification. *See Riot Platforms, Inc. v. Hash House Tech, Inc. et al,* Case No. 1:25-cv-2129-RP (W.D. Tex.).

[3] *See Midas Green Technologies, LLC v. Green Revolution Cooling, Inc.,* Case No. 6:24-cv-166-ADA (W.D. Tex.).

[4] Mr. Koen passed on September 4, 2025.

### III.    LEGAL STANDARD

Rule 45(d)(3) requires courts to quash or modify a subpoena that subjects a person to undue burden.  The undue burden standard *requires* the courts to balance the relevance of the testimony sought and the requesting party's need for that testimony, against the potential hardship to the party subject to the subpoena.  *See, e.g., Covey v. Wal-Mart Stores E., L.P.*, 2018 WL 703286 (W.D. Mo. Feb. 2, 2018) (citing *Heat and Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)).

The potential hardship to the person subject to a subpoena tends to outweigh the requesting party's need for the testimony when the requesting party failed to timely depose the subpoena subject over the course of discovery. *See Jung v. 24 Hour Fitness USA, Inc.*, 2019 WL 570740, at *2, 3 (E.D. Tex. Feb. 12, 2019) (finding prejudice where trial attendance would cause recently identified corporate representative to miss personal commitments, especially where the requesting party failed to take any Rule 30(b)(6) depositions). Courts often quash trial subpoenas where the requesting party deposed—or had the opportunity to depose—the target of the subpoena. *See, e.g.*, *Keawsri v. Ramen-Ya Inc.*, 2022 WL 2162981, at *3 (S.D.N.Y. May 5, 2022) (trial subpoena "smacked of bad faith" given that "[d]efendants do not contend that they have not taken, or had the opportunity to take, depositions of the persons in question"); *Lister v. Hyatt Corp.*, 2020 WL 419454, at *2 (W.D. Wash. Jan. 24, 2020) (granting motion to quash where requesting party "has already had an opportunity to depose [subpoena subject] . . . and she should not have a second bite at the apple").

### IV.    ARGUMENT

The Subpoena is a thinly disguised attempt by GRC to distract from core infringement issues and sow jury confusion, by interjecting completely unnecessary and only marginally relevant testimony from not just one, but from two high-level Midas officers.  As much as GRC may now

wish that it had brought Midas into this action as a co-defendant, GRC failed to do so.  GRC should not be permitted to essentially treat non-party Midas as a party now.

GRC has refused to explain the relevance of the testimony it now seeks from non-party Sickmiller (and from non-party Garcia), much less show any particularized need for such testimony. For this reason alone, the Court should find undue burden and quash the Subpoena.

Moreover, as noted above, GRC had every opportunity to depose Mr. Sickmiller during fact discovery in this case, and GRC made the conscious decision to forego deposing him.  *See, e.g.*, *Keawsri v. Ramen-Ya Inc.*, 2022 WL 2162981, at *3 (S.D.N.Y. May 5, 2022); *Lister v. Hyatt Corp.*, 2020 WL 419454, at *2 (W.D. Wash. Jan. 24, 2020) (granting motion to quash where requesting party "has already had an opportunity to depose [subpoena subject] . . . and she should not have a second bite at the apple").  This is additional evidence of undue burden.

In addition, GRC did in fact already depose Mr. Sickmiller in the related *Midas v. GRC* case, a case in which GRC has every incentive to seek discovery on the topic of Midas' sale of immersion cooling systems to Riot and its predecessor Whinstone.

Lastly, Mr. Sickmiller holds the position of Chief Executive Officer at third-party Midas, and thus, he is an apex witness with number of high-level managerial, financial, sales and other responsibilities.  It would be both an unfair burden and a distraction to non-party Sickmiller and to his company, non-party Midas, to require Mr. Sickmiller to *prepare to provide* testimony, and to actually provide testimony.  This is still more additional evidence of undue burden.

## V.    CONCLUSION

For the above reasons, the Court should quash the Subpoena.

Dated: April 1, 2026.

*/s/ Henry Pogorzelski*
Henry Pogorzelski
Texas Bar No. 24007852
Ryan Elson
Texas Bar No. 24143987
**K&L GATES LLP**
2801 Via Fortuna, Suite 650
Austin, TX 78746
Henry.Pogorzelski@klgates.com
Ryan.Elson@klgates.com

Victoria Forson
Texas Bar No. 24118212
**K&L GATES LLP**
1717 Main Street, Suite 2800
Dallas, TX 75201
Victoria.Forson@klgates.com

Mark D. Siegmund
Texas Bar No. 24117055
**CHERRY JOHNSON SIEGMUND JAMES, PLLC**
7901 Fish Pond Road, 2nd Floor
Waco, TX 76710
mMsiegmund@cjsjlaw.com

*Counsel for Third-Party Scott Allen Sickmiller and
Third-Party Midas Green Technologies, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who have appeared electronically in this case are being served with this document on April 1, 2026, by way of the primary email address that said counsel provided to the Court's CM/ECF system.

/s/ Henry Pogorzelski
Henry Pogorzelski